## CIRCUIT COURT OF FAIRFAX COUNTY

Malinowski et al.

v.

William Douglas Carter et al.

May 14, 1990

Case No. (Chancery) 16042

By JUDGE MICHAEL P. McWEENY

This matter came before the Court on May 11, 1990, for relief under Va. Code § 55-66.5. Counsel presented two alternative Decrees, and the Committee opposed both. The Court agreed to receive the Decrees, authorities, and argument and take the matter under advisement for the purpose of ruling on each issue and direction as to the appropriate Decree.

First, this is an action pursuant to § 55-66.5, and it is clear what burden must be met. There must be findings that (1) the petitioners own an interest in real estate within Fairfax County, (2) tender has been made of the sum due on the encumbrance on said real estate, and (3) the tender has been refused *for any reason* by the party or parties to whom it is due. The Court so finds and requires these findings to be set forth in the Decree.

Second, upon making the findings, the Court may order the "sum due" to be paid into court. To do so, the "sum due" must be determined. It appears to be stipulated that on or about October 1, 1989, the petitioners attempted to pay off the indebtedness at the full sum then due of $15,598.64. Virginia Code § 8.3-604(1) states:

> Any party making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs, and attorney's fees.

Respondent Carole Vandegrift Carter contends that where there is tender without the money being deposited for safekeeping, the tender has no effect either at law or equity. (Citing 18 M.J., *Tender*, § 10.) The Court first would note that this citation is based on *Call v. Scott*, 8 Va. (4 Call) 402 (1803), a case predating the Virginia Commercial Code by over 160 years. But even under the common law, tender did not require actual production or sequestration of the funds where the tender was refused for a reason other than non-production or production in the wrong amount. *See King v. King*, 90 Va. 177 (1893); *Lohman v. Crouch*, 60 Va. (19 Gratt.) 331 (1869); *Henderson v. Foster*, 139 Va. 543 (1924). The Court finds that full tender was made and that the "sum due" is $15,598.64, and the Decree shall "order the sum due to be paid into court, to be there held as provided by law, and to be paid upon demand to the person or persons entitled thereto."

Third, the Court requires the Decree to contain the necessary legal description of the property and the Deed Book and page number for the obligation. The Decree shall order the Clerk, upon proper payment of the fees, to enter a release on the margin of the page wherein the encumbrance is recorded or to record a certificate of satisfaction for release of such encumbrance.

Fourth, the Court specifically denies all language offered by respective counsel requiring lost note affidavit, bonds, garnishment orders, or partition of the sum. Further action under appropriate Code Sections will be necessary to establish who is "the person or persons entitled thereto."

Fifth, pursuant to § 55-66.5, the Court may order upon a finding that the release was "unjustifiably and without good cause" refused, that costs and reasonable attorney's fees be paid to the petitioning party. The Court so finds. After review of the complexity of the issues and the highly contested nature of the proceedings, the Court orders payment of attorney's fees to the petition-

ers in the sum of $2,953.00, which may be assessed against the sum of $15,598.64 prior to payment into court.

Sixth, the Committee in this cause is hereby required forthwith to give bond in the sum of $8,000.00, *unsecured* pursuant to Va. Code § 53.1-221. For services rendered to date, he is allowed a fee of $300.00, which fee shall be taxed as a cost of this action and deducted from the $15,598.64.

Lastly, court costs are ordered to be paid from the sum as aforesaid. They shall consist of $25.00 plus the cost for release by the Clerk as set forth above.